Filed 2/25/22  P. v. Hernandez CA5
Opinion following remand from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080131 |
| Plaintiff and Respondent, | (Kern Super. Ct. No. BF177632A) |
| v. | |
| JOSE ANTONIO HERNANDEZ, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

Appellant and defendant Jose Antonio Hernandez entered a plea negotiation in which he agreed to a term of 10 years in state prison. The 10-year term included the imposition of two prior prison term enhancements. On appeal, he argued the enhancements must be dismissed because of the subsequent enactment of Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) that amended Penal Code[1] section 667.5, subdivision (b). Defendant further argued that on remand, he could not be sentenced to more than the 10-year term that the prosecution agreed to as part of the plea agreement.

This court relied on the California Supreme Court's ruling in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), vacated defendant's sentence, and remanded to the trial court to dismiss the prior prison term enhancements, and held the People could either agree to modify the bargain to reflect the downward departure in the sentence, or choose to withdraw from the original plea agreement, and the court could choose to withdraw its prior approval of the plea agreement.

Thereafter, the California Supreme Court granted defendant's petition for review, vacated this court's opinion, and remanded to reconsider the cause in light of the enactment of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), which declares enhancements under former section 667.5, subdivision (b) legally invalid, requires resentencing, and prohibits the prosecutor and trial court from rescinding the plea agreement as a result of the legal invalidity of the former section 667.5, subdivision (b) enhancements. We therefore strike the two one-year prior prison term enhancements under former section 667.5, subdivision (b), and remand for resentencing consistent with section 1171.1.

In all other respects, we will affirm the judgment.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

## FACTS[2]

On August 1, 2019, officers responded to a business on a dispatch that a person was brandishing a weapon at an employee. Upon arrival, an officer contacted Jaime Baez, a security guard at the business, while other officers located defendant. Defendant was in possession of a black folding knife and arrested.

Baez reported that he saw defendant loitering behind the business and told him to leave. Defendant became mad and said he was not going to leave because he was a paying customer. Defendant produced a knife, took steps toward Baez, and said he was going to stab him. Baez became fearful for his life and removed his firearm from his holster. He gave several warnings to defendant and told him the police had been called and were on their way. Defendant began to walk away and was apprehended when the officers arrived.

## PROCEDURAL BACKGROUND

On August 5, 2019, a complaint was filed in the Superior Court of Kern County that charged defendant with count 1, assault with a deadly weapon, a knife (§ 245, subd. (a)(1)); and count 2, criminal threats (§ 422) with an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)(1)).

As to both counts, it was alleged defendant had two prior strike convictions; two prior serious felony enhancements (§ 667, subd. (a)); and four prior prison term enhancements (§ 667.5, subd. (b)).

**The Plea Hearing**

On August 15, 2019, the court was scheduled to conduct the preliminary hearing. However, the parties advised the court they had reached a plea agreement. The court stated the terms to defendant:

---

[2] At the plea hearing, the parties stipulated to the police report as the factual basis for the plea. The facts are taken from the police report, as quoted in the probation report.

"It has been indicated to me that you are going to plead guilty or no contest to Count 1, assault with a deadly weapon, which is a serious felony, you are going to admit you have two prior strike convictions and that you have served two prior terms in prison. You would receive a total of ten years in the Department of Corrections. And all remaining charges will be dismissed. [¶] … [¶] In order to reach this disposition I have agreed that I'm going to strike one of your two strike convictions, so your sentence would be doubled, so it would be a total of ten years."

Defendant agreed that the court correctly stated the terms of the plea agreement, and that he read, understood, and signed the waiver of rights form.

After being advised of and waiving his constitutional rights, defendant pleaded no contest to count 1, assault with a deadly weapon, and admitted the two prior strike convictions and two prior prison term enhancements. The court granted the People's motion to dismiss count 2 and the personal use enhancement, and the two additional prior prison term enhancements, on the condition the plea remains in full force and effect. The court referred the matter to the probation department.

**The Sentencing Hearing**

On September 13, 2019, the court conducted the sentencing hearing. The court dismissed the prior strike conviction pursuant to section 1385 and stated it would "go ahead and impose the ten years as previously indicated." Defendant was sentenced to the upper term of four years for count 1, doubled to eight years as the second strike sentence, plus two consecutive one-year terms for the prior prison term enhancements, consistent with the terms of the plea agreement.

The court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), suspended the $300 parole revocation fine (§ 1202.45), and ordered victim restitution in an amount to be determined (§ 1202.4, subd. (f)). The court also imposed a $40 court operations assessment fee (§ 1465.8) and a $30 criminal conviction assessment fee (Gov. Code, § 70373).

On October 16, 2019, defendant filed a timely notice of appeal, and the court granted his request for a certificate of probable cause.

## DISCUSSION

### I. This Court's First Opinion

Defendant's negotiated disposition was for a sentence of 10 years, which included two one-year terms for the section 667.5, subdivision (b) prior prison term enhancements.

In the initial briefing before this court, defendant argued, and the People conceded, that the two one-year enhancements must be dismissed based on the subsequent enactment of Senate Bill 136 that amended section 667.5, subdivision (b). (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.)

After the initial briefing was completed, the California Supreme Court's issued its ruling in *Stamps, supra,* 9 Cal.5th 685. *Stamps* held that as a result of Senate Bill No. 1393's amendments to section 667, subdivision (a) and section 1385, the trial court may now exercise its discretion to dismiss a prior serious felony enhancement, but the prosecution may also withdraw from a plea agreement if that enhancement was part of a specified sentence. (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1–2.)

After *Stamps* was decided, this court requested supplemental briefing from the parties as to the appropriate remedy once the prior prison term enhancements are stricken, and whether the prosecution could withdraw from the plea agreement. We reviewed the relevant authorities and held that, as in *Stamps*, the superior court had to dismiss the two prior prison term enhancements that were an integral part of defendant's specified sentence, but it could not unilaterally modify the plea agreement by keeping the remainder of the bargain intact, and the People could agree to the modified bargain or withdraw from the plea agreement, and the court could withdraw its prior approval of the plea agreement.

### II. Further Procedural History

On January 27, 2021, the California Supreme Court granted defendant's petition for review.

On December 22, 2021, the Supreme Court transferred the matter back to this court, without issuing an opinion, and with directions to vacate the decision and reconsider the cause in light of the enactment of Senate Bill 483. This court vacated the decision and advised the parties of a briefing schedule.

On January 7, 2022, defendant filed a supplemental brief with this court and argued that as a result of Senate Bill 483, his two prior prison term enhancements must be stricken, and the remainder of his plea bargain had to remain in effect. The Attorney General did not file any briefing, and the parties waived oral argument.

## II.    Senate Bill 483

As noted above, "Senate Bill 136 amended … section 667.5, subdivision (b) such that a one-year enhancement for a prior prison term shall be imposed only if the prior term was for a sexually violent offense." (*People v. Winn* (2020) 44 Cal.App.5th 859, 872.)

Senate Bill 483, effective on January 1, 2022, added section 1171.1 to the Penal Code. (Stats. 2021, ch. 728.) Section 1171.1 declares that enhancements imposed before January 1, 2020, under former section 667.5, subdivision (b), are legally invalid (except under circumstances not applicable here). (§ 1171.1, subd. (a).) It extends the modifications brought about by Senate Bill 136 to judgments already final on appeal (Stats. 2021, ch. 728, § 3), and applies retroactively "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.)

Senate Bill 483 also provides for resentencing of the defendant with specific instructions relating to the resentencing. (§ 1171.1, subds. (c)–(e).) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.

6

Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).)

Senate Bill 483 further expresses the Legislature's intent "that any changes to the sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

Section 1171.1 assumes the defendant's conviction is final because it provides for recall of the sentence and resentencing. (§ 1171.1, subd. (c).) There is no reason not to apply section 1171.1 to defendants whose convictions are not yet final, which would require remand for resentencing rather than recall of a sentence. We therefore conclude section 1171.1 provides the appellate remedy when a defendant has been sentenced for an enhancement under former section 667.5, subdivision (b).

Accordingly, we will strike the two one-year prior prison term enhancements previously imposed under former section 667.5, subdivision (b), vacate defendant's sentence, and remand for resentencing consistent with section 1171.1. Upon remand, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' [Citation.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, the resentencing must be consistent with this opinion, and the requirements and limitations contained in section 1171.1.

## IV.    The Restitution Fine and Fees

Defendant relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and argues the court violated his due process rights because it imposed a restitution fine and other fees at the sentencing hearing on his plea agreement without determining whether he had the ability to pay these amounts. Defendant asserts the order imposing the fine and fees must be stayed, and the matter remanded for the court to determine his ability to pay.[3]

_____

[3] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

We decline to address the merits of these arguments since we are vacating the sentence and remanding the matter.

## DISPOSITION

The judgment is modified to strike the two prior prison term enhancements, the sentence is vacated, and the matter is remanded for resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.


POOCHIGIAN, J.

WE CONCUR:


LEVY, Acting P. J.


DETJEN, J.